# EXHIBIT INDEX

| Exhibit | Description |
| --- | --- |
| **Exhibit 1** | March 5, 2024 email chain: Fuerst → Fulton → Franken → Merkle |
| **Exhibit 2** | LSAC Charge Letter (April 4, 2024) |
| **Exhibit 3** | Ulrich LSAC referral and April 9, 2024 withdrawal email |
| **Exhibit 4** | NAACP letter to Dean Fulton (May 1, 2024) |
| **Exhibit 5** | Attorney Baron Houy responses to Examiner Notices |
| **Exhibit 6** | October 3, 2024 corrected dismissal letter |
| **Exhibit 7** | Title IX Coordinator Merkle Notice of Dismissal (May 13, 2024) |
| **Exhibit 8** | Moore accommodation memo, March 28 Zoom denial, and April 4 tenure evaluation request |

# EXHIBIT 1

## Email Chain: Fuerst to Fulton to Franken to Merkle
## Re: Video (March 5, 2024)

**Date:**          March 5, 2024

**Source:**        Jennie Fuerst (initiating email), Neil Fulton, AJ Franken, Jean Merkle

**Custodian:**     Plaintiff (forwarded by Jean Merkle on March 11, 2024)

**Description:**

Email chain documenting the referral of Plaintiff's YouTube video from student Fuerst to Dean Fulton to General Counsel Franken, who directed investigation "as soon as possible."


A true and correct copy of the above-referenced document is
attached hereto.



Tiauna Jackson <tj@tja.agency>

## Fwd: Video

**Jackson, Tiauna <Tiauna.Jackson@coyotes.usd.edu>**        Mon, Mar 11, 2024 at 5:18 PM
To: "tj@tja.agency" <tj@tja.agency>

Tiauna Jackson, Agent

**From:** Merkle, Jean M <Jean.Merkle@usd.edu>
**Sent:** Monday, March 11, 2024 3:05:23 PM
**To:** Jackson, Tiauna <Tiauna.Jackson@coyotes.usd.edu>
**Subject:** FW: Video

**From:** Franken, AJ <AJ.Franken@usd.edu>
**Sent:** Tuesday, March 5, 2024 10:45 AM
**To:** Merkle, Jean M <Jean.Merkle@usd.edu>
**Subject:** FW: Video

Here is a video posted by the student complainant (she has apparently posted several videos. I think this one needs to get a formal intake and go to an investigation as soon as possible. Both students have expressed that they don't feel safe in the law school.

-AJ

**From:** Fulton, Neil K <Neil.Fulton@usd.edu>
**Sent:** Tuesday, March 5, 2024 9:34 AM
**To:** Franken, AJ <AJ.Franken@usd.edu>
**Subject:** FW: Video

One more entry. On my way.

**From:** Fuerst, Jennie Leigh <Jennie.Fuerst@coyotes.usd.edu>
**Sent:** Tuesday, March 5, 2024 7:29 AM
**To:** Fulton, Neil K <Neil.Fulton@usd.edu>
**Cc:** Mays, Shirley L <Shirley.Mays@usd.edu>
**Subject:** Video

Download Attachment

Available until Apr 4, 2024

---

**2 attachments**

 **ATT00001.htm**
5K

 **ATT00002.htm**
2K

## EXHIBIT 2

## LSAC Charge Letter
## from Darren Kettles, Chair, Subcommittee on
## Misconduct and Irregularities

**Date:**        April 4, 2024

**Source:**      Law School Admission Council (LSAC)

**Custodian:**   Plaintiff

**Description:**

Formal charge letter from LSAC on official letterhead citing Plaintiff's YouTube videos as basis for misconduct investigation initiated by USD's referral.

A true and correct copy of the above-referenced document is attached hereto.



**Law School Admission Council**
662 Penn Street, PO Box 40, Newtown PA 18940-0040
Miscirreg@lsac.org

_**Via Email**_
**CONFIDENTIAL**

April 4, 2024

[ADDRESS REDACTED]

Dear Ms. Jackson:

I am writing to notify you that information has come to the attention of Law School Admission Council (LSAC) that your application to University of South Dakota Knudson School of Law for the fall 2023 term may have included information that is false, inconsistent or misleading with regard to your prior law school matriculation and omitted information that may result in a false or misleading conclusion. Specifically, you did not list Northwestern California University School of Law as a previously attended educational institution under question **6. 1. Education**, which asks: "List ALL education institutions attended". In addition, you answered "**No**" to question **6. 2. Education**, which reads: 2. "Have you ever attended any law school?" Furthermore, you applied to Knudson School of Law as a first-time student, not a transfer applicant.

In a since deleted YouTube video, you state, "…I got a better education when I went to Northwestern California University." Additionally, you started hash tagging "#transferstudent" on new videos.

Moreover, in your application to Howard University School of Law for the fall 2024 term, under question **7.1 Education**, which asks: "List ALL educational institutions attended" you list Northwestern California University School of Law and include a Certificate of Prior Enrollment which states that you were enrolled in the school's part-time, four-year Juris Doctor Program for the period September 25, 2020 to October 6, 2021.

This apparent submission of false, inconsistent or misleading information and omission falls within the definition of misconduct or an irregularity in the admission process described in the _Law School Admission Council Rules Governing Misconduct and Irregularities in the Admission Process_. A copy of the _Rules_ is enclosed.

Enclosed for your information are the case documents. If you want to respond to the allegation(s) or to any of the documents contained in the enclosed case, please do so in writing within **thirty days** of the date of this letter and send your response to vwhitesell@lsac.org, or by mail at the address listed above. Likewise, if you want to request a telephonic hearing pursuant to Section 9 of the _Rules_, you must submit a written request within **thirty days** of the date of this letter. Please note that LSAC cannot advise you on whether you should request a telephonic hearing, so you should be sure to submit a clear and timely request for a hearing if you decide to do so.

If you respond to the allegations, your case will be referred to a representative of the LSAC Misconduct and Irregularities in the Admission Process Subcommittee, and all case documents, including your response, will be forwarded to the Subcommittee Representative. The Representative will then make a finding, from which you will have a right of appeal. If the Representative determines that there is a preponderance of evidence that misconduct or an irregularity has occurred and you do not submit a timely appeal, the documented case will be disseminated by LSAC to all law schools to which you have applied after the fifteen-day appeal period has expired. In addition, the documented case will be sent to

(96893.3)

law schools to which you subsequently apply and to any other affected person or institution in accordance with the *Rules*. If you appeal and your appeal is successful, the investigation will be closed, and the documented case will not be sent to any third parties. If you appeal and the appeal is not successful, the documented case will be disseminated to all law schools to which you have applied shortly after the appeal is decided and will again be sent to any law schools to which you subsequently apply and to other affected persons or institutions.

If you do not respond to the allegations, your case will be determined by the chair of the LSAC Misconduct and Irregularities in the Admission Process Subcommittee, with no right of appeal.

Please contact LSAC directly at the address listed above if you have questions about this process.

You have a responsibility to keep the Law School Admission Council's Legal Affairs Office apprised of your current contact information throughout these proceedings. Please notify LSAC immediately of any change in your address or contact numbers, in writing. If you fail to do so, it is possible that you will not receive additional correspondence relating to this matter. You will be notified in writing when a determination is made.

Thank you.

Sincerely,

Darren Kettles

Darren Kettles, Chair
LSAC Subcommittee on
  Misconduct and Irregularities in the Admission Process
Enclosures

(96893.3)

# EXHIBIT 3

## Ulrich LSAC Referral (March 27, 2024), Ulrich Withdrawal Email (April 9, 2024), and LSAC Dismissal Letter (April 9, 2024)

**Date:**       March 27, 2024; April 9, 2024

**Source:**     Katey Ulrich, Director of Admissions, USD (referral and withdrawal); Victoria Whitesell, LSAC (dismissal)

**Custodian:**  Plaintiff

**Description:**

Three-document set: (1) Ulrich's March 27, 2024 referral letter to LSAC on USD letterhead; (2) Ulrich's April 9, 2024 email to LSAC requesting withdrawal because "the student has sent us a letter of good standing and addendum"; and (3) LSAC's formal April 9, 2024 dismissal letter confirming the charge was dismissed.

A true and correct copy of the above-referenced document is attached hereto.



UNIVERSITY OF
## SOUTH DAKOTA
KNUDSON SCHOOL OF LAW

Documented Case

March 27, 2024

Victoria Whitesell
Manager of Legal Operations/Paralegal
Law School Admission Council
PO Box 40
Newtown, PA 18940

Dear Ms. Whitesell:

Tiauna Jackson, LSAC account number L42113800, is a 2023 matriculant to University of South Dakota Knudson School of Law who, I believe, has misrepresented her academic record in her application for Fall 2023 admission.

Our application question #6 Education asks "2. Have you ever attended any law school?". Ms. Jackson checked "no" on her application. Additionally, she applied as a 1ˢᵗ time student, not a transfer applicant. In a since deleted Youtube video, Ms. Jackson says, "the reason you have a problem with me is that I speak up. We're not getting a proper education and I know things are wrong because I got a better education when I went to Northwestern California University." Additionally, she has started hash tagging "#transferstudent" on her new videos. A screenshot of this and a copy of the video will be sent via email to Ms. Whitesell. Ms. Jackson also did not include transcripts from Northwestern California University on her application.

This discrepancy falls under the *Law School Admission Council Rules Governing Misconduct and Irregularities in the Admission Process* as "not disclosing prior law school matriculation". I am requesting that the matter be referred to the LSAC Subcommittee on Misconduct and Irregularities in the Admission Process.

I am enclosing copies of Ms. Jackson's application, CAS report, GRE scores, and Diversity Statement. A copy of the referenced video and screenshot will be sent via email. Please let me know if any further information is required.

Sincerely,

*Katey Ulnch* (signature)

Katey Ulnch
Director of Admissions and Marketing
USD Knudson School of Law

**From:** Ulrich, Katey Ann
**To:** Whitesell, Victoria
**Subject:** RE: L42113800
**Date:** Tuesday, April 9, 2024 10:00:16 AM
**Attachments:** image001.png

**Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi, Vicki!

The student has sent us a letter of good standing and addendum for her application. Can we withdraw this referral? If you need a more formal letter, let me know.

Katey

**Katey Ulrich**
Director of Admissions & Marketing

**UNIVERSITY OF SOUTH DAKOTA**
Knudson School of Law
414 E. Clark St. | Vermillion, SD 57069
P: 605-658-3506
usd.edu/law | katey.a.ulrich@usd.edu





Law School Admission Council
662 Penn Street, PO Box 40, Newtown PA 18940-0040
Misclrreg@lsac.org

**_Via Email_**
**CONFIDENTIAL**

April 9, 2024

[ADDRESS REDACTED]

Dear Ms. Jackson:

The University of South Dakota, Knudson School of Law has withdrawn their referral to the Law School Admission Council Subcommittee on Misconduct and Irregularities.  Accordingly, the charge has been dismissed and this matter has been closed.  The charge will not be a part of your LSAC record, and no further action is required.

We wish you the best as you pursue your journey to a career in law.

Sincerely,

*VWhitesell*

Victoria Whitesell
Manager of Legal Operations/Paralegal

(97043.1)

# EXHIBIT 4

## NAACP Letter to Dean Neil Fulton

**Date:**         May 1, 2024

**Source:**      NAACP

**Custodian:**   Plaintiff

**Description:**

Letter from the NAACP to Dean Fulton regarding Plaintiff's treatment at USD Knudson School of Law.


A true and correct copy of the above-referenced document is attached hereto.



## Letter from May 1, 2024

**Sioux Falls NAACP 4102-B <naacpsd@gmail.com>**
To: Tiauna Jackson <tj@tja.agency>

Sun, Jan 4, 2026 at 9:56 AM

Good morning.

See email below. Please let us know if you have any questions.

Danae Verba (she/her)
Secretary
NAACP Sioux Falls Branch 4102-B
PO Box 2611
Sioux Falls, SD 57101
(605) 610-8842
naacpsd@gmail.com
Find us on Facebook and Instagram
https://sites.google.com/view/naacp-sf-4102-b/home

———— Forwarded message ————
From: **Sioux Falls NAACP 4102-B** <naacpsd@gmail.com>
Date: Wed, May 1, 2024, 5:21 PM
Subject: Jackson
To: <neil.fulton@usd.edu>

To Whom It May Concern:

In February of 2024, the NAACP Sioux Falls spoke with Ms. Tiauna Jackson in reference to a concern surrounding the lack of effort placed into the Black History Month Display at the school. NAACP Sioux Falls President, Langston Newton, entered into conversation with several staff members and decision makers to engage in an action plan to better service the Black students, particularly during Black History Month.

After this original conversation, Ms. Jackson was met with additional resistance and harassment from students and faculty. It has now come to our attention that there was a "No Contact Order" between Ms. Jackson and the individual whom she filed an incident report against. Ms. Jackson met with school officials to discuss the "No Contact Order" and it was determined by admission that this was an attempt to get Ms. Jackson to have a conversation and that the order held no substance.

Ms. Jackson has provided the Sioux Falls NAACP with substantial evidence detailing a hostile learning and working environment as well as highlighting concern that other students of color may have to face similar obstacles.

It is our request to better understand the reasoning behind the "No Contact Order" as well as engage in an in person meeting with all parties so that this situation does not go unresolved, as it is now interfering with a students ability to look elsewhere for education after facing what they see as irreconcilable differences of the school culture and their own.

Furthermore, it is our responsibility to Ms. Jackson and other students of color to ensure they are safe mentally, emotionally and physically to move around campus to gain access to the same system of

Case 4:26-cv-04069-CBK    Document 1-1    Filed 04/07/26    Page 14 of 37 PageID #: 109

education as other students. At this time, based on the situations unfolding on your campus, it does not appear that there are equitable opportunities provided. The NAACP 4102-B's mission states, we are for equity, engagement and education for all South Dakotans.

Please consider this to be our first formal request. If it is honored, we would provide you with a list of individuals attending the meeting with a description of their positions and we would ask the same in return. We request this response come within 7 days.

Our goal in this matter is to seek clarification and resolution so that all involved parties can move forward without restriction, reservation or hesitation

Thank you for your time.

Sincerely,
President Langston Newton
Sioux Falls NAACP 4102-B


NAACP Sioux Falls Branch 4102-B
PO Box 2611
Sioux Falls, SD 57101
(605) 610-8876
naacpsd@gmail.com
Find us on Facebook and Instagram

# EXHIBIT 5

## Attorney Responses to Examiner Notices
## from Sarah Baron Houy, Bangs McCullen Law Firm

**Date:**          March 19, 2024 and April 11, 2024

**Source:**        Sarah Baron Houy, Bangs McCullen, Butler, Foye & Simmons, L.L.P.

**Custodian:**     Plaintiff

**Description:**

Two-document set: (1) March 19, 2024 response to Examiner Miller regarding the Severson misconduct complaint, responding to Miller's March 13 letter; and (2) April 11, 2024 response to Examiner Miller regarding the Fuerst misconduct complaint, demanding dismissal of disciplinary proceedings on First Amendment grounds.

A true and correct copy of the above-referenced document is attached hereto.



**BANGS MCCULLEN**

## BANGS, McCULLEN, BUTLER, FOYE & SIMMONS, L.L.P.

333 West Boulevard, Ste. 400 • P.O. Box 2670 • Rapid City, South Dakota 57709
T: (605)343-1040 • F: (605) 343-1503 • W: www.bangsmccullen.com

March 19, 2024

SARAH BARON HOLY
Email: sharonhouv@bangsmccullen.com

**Via E-mail Only:** Robert.W.Miller@usd.edu
Prof. Robert W. Miller
University of South Dakota Knudson School of Law
414 East Clark Street
Vermillion, SD 57069

### Re:    Tiauna Jackson

Dear Professor Miller:

As you know, our office represents Tiauna Jackson regarding the investigation referenced in your letter of March 13, 2024. Please find below Ms. Jackson's response to these allegations.

## Factual Background

After being subjected to an act that she perceived as racial harassment on March 1, 2024, Tiauna Jackson was feeling unsafe at the law school. She decided she would be removing her items from her library carrell, as that was where the act of harassment occurred. On Monday, March 4, Ms. Jackson contacted the University Police Department to discuss her concerns.

On the morning of March 4, Ms. Jackson met with a UPD officer (Justin) at the law school to file a report. At the conclusion of their meeting, Justin offered to help Ms. Jackson carry her personal belongings from her carrell to her vehicle. It took several trips. During the loading process, Ms. Jackson observed three law students nearby, including Julianne Severson, Miranda Schulte, and an unknown third person. They were watching Ms. Jackson and the officer as they removed her personal items from the carrell. Julianne said, "Good morning, Tiauna," and Ms. Jackson responded, "Good morning."

Prof. Miller
March 19, 2024
Page 2 of 5

Later that day, law student ████ ████ informed Ms. Jackson that people were talking about her vacating her carrell and rumours were spreading about that event. ████ said the perpetrator of the rumours was Julianne Severson.

The next morning, Tuesday, March 5, Ms. Jackson posted a video to her YouTube account as part of her "Law School Diaries" series.[1] In this video, she described her experience in vacating her carrell, and her brief encounter with the three other students, including Ms. Severson. Ms. Jackson also mentioned "Julianne" and notes that she is "older than me," a member of the Federalist Society and Christian Legal Society, on the law library board, and that her husband is a pastor. Ms. Jackson describes the exchange of "Good mornings" with Julianna and then proceeds to explain her sense or intuition that the three students were going to start some rumours, because none of them asked her what was happening. She goes on to describe that the three students were then huddled together talking. Ms. Jackson says nothing insulting, threatening, demeaning, or hostile to or about Ms. Severson.

On Wednesday, March 6, the students participated in moot court oral arguments. Ms. Jackson's team was competing against Ms. Severson's team. Before the argument, Ms. Severson said, "Good luck" to Ms. Jackson. Ms. Jackson did not respond. Afterward, Ms. Severson stated, "Great job, Tiauna." Ms. Jackson did not respond. ████████

On Thursday, March 7, Ms. Jackson was told by student ████████ "They have been saying you were escorted out by police." Student ██████ also reported hearing this rumour. Ms. Jackson emailed the University Police Chief to receive proof that she was not, in fact, "escorted" from her carrell by police. He responded to her message and she taped the email exchange on her carrell to dispel the rumours. Later that day, Ms. Jackson contacted administration to initiate a complaint and request an investigation into the rumours.

Ms. Jackson met with Dean Fulton and Dean Mays about her request the following day, March 8. At the meeting, Dean Fulton asked about Ms. Jackson's use of social media, including videos she shared regarding faculty members, which included some of her critique of faculty members. Ms. Jackson stated she was uncomfortable on campus.

On Monday, March 11, Ms. Jackson met with Jean Merkle from the Title 9/EEO office.

_____

[1] Ms. Jackson made this video "private" after receiving the *Notice* on March 13. The portion of the video pertaining to Ms. Severson is being shared with the Examiner.

Prof. Miller
March 19, 2024
Page 3 of 5

On Wednesday, March 13, Ms. Jackson received a *Notice* of allegations misconduct made by Ms. Julianne Severson. The *Notice* described the allegations as follows: "[Y]ou bullied and harassed Ms. Julianne Severson in person and through videos posted online."

## Applicable Policies

This proceeding is governed by Section 2.03 of the Knudson School of Law Student Handbook (2023-24), entitled **Procedures for Violations of Honor Code or other Academic Rule.**

A person making an allegation of student misconduct "shall provide" a "signed written statement of specific acts constituting the alleged misconduct and all known information in support of the allegations, including names of any known witnesses, statements, or other data." Section 2.03, Part V. The complaint should identify whether it is alleging a violation of "proscribed misconduct as specified in Part XV" of Section 2.03, which is also known as the "Honor Code," a violation of the Rules of Professional Conduct; or a failure to comply with faculty instruction. Section 2.03, Part V.

The law school Disciplinary Board "shall handle such Honor Code violations involving law students at The University of South Dakota School of Law as are properly referred to it." Section 2.03, Part II. An Examiner, appointed by the Dean, conducts an initial allegation into allegations of student misconduct. Upon receipt of an allegation, the Examiner is required to give notice to the accused student and the Dean and "promptly inquire into the allegation(s) and assemble the relevant facts and data." Section 2.03, Part VI. The Examiner thereafter makes a recommendation to the Board as to whether a disciplinary hearing should be held, a private reprimand be issued without a hearing, or that no further action be taken. The Board makes the final determination on how to handle the complaint.

A hearing "should be held when there exists evidence of a probable significant breach of the Honor Code." Section 2.03, Part VI.

A private reprimand is appropriate when the facts are undisputed, a breach of the Honor Code occurred but "has not led to harm to the public or other students," and the breach is "not so significant as to justify a hearing a formal decision." Section 2.03, Part VI.

## Analysis

It is unclear what conduct has been alleged by Ms. Severson as "bullying" or "harassing." The only known allegation is the video Ms. Jackson posted on March 5,

Prof. Miller
March 19, 2024
Page 4 of 5

wherein she identifies "Julianne" and described their encounter and her perception that the three other students were watching with interest as Ms. Jackson vacated her carrell.

There is no provision regarding "bullying" or "harassment" in the Student Handbook. But none of Ms. Jackson's comments in the video rise to the level of "bullying" or "harassing" behavior, under any layperson's definition. While Ms. Severson may not enjoy having her name identified, there is no law, policy, or rule forbidding Ms. Jackson to post this type of video or identify the names of individuals she encounters in the law school.

Instead, Ms. Jackson was exercising her First Amendment rights. *See, e.g., Tinker v. Des Moines Ind. Comm. Sch. Dist.*, 393 U.S. 503 (1969) ("It can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate."). Her comments in the video do not rise to the level of unprotected speech – i.e., the "lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace," or "true threats." *In re S.J.N-K*, 2002 SD 70, 647 N.W.2d 707 (student's use of obscene language and gestures were unprotected because they were coupled with acts of aggression with a motor vehicle); *People ex. rel. CCH*, 2002 SD 113, 651 N.W.2d 702 (student's threat to kill about another student was not "true threat" and was protected speech).

Ms. Jackson has not spoken to Ms. Severson since saying "Good morning" while cleaning out her carrell on March 4. Ms. Severson did speak to Ms. Jackson before and after the moot court arguments, but Ms. Jackson did not respond. Silence is not bullying or harassment.

In sum, there has been no identifiable act of bullying, harassment, or other wrongdoing "in person" by Ms. Jackson. The only information regarding the alleged "videos posted online" is Ms. Jackson's March 5 video, which not only fails to rise to the level of any sort of misconduct, but also constitutes protected speech.

## Conclusion

Ms. Jackson respectfully requests the complaint filed by Ms. Severson be dismissed, with no further action taken upon it.

---

[2] It appears Ms. Severson's complaint is not a discrimination-based harassment, but a more generic allegation of harassment.

Prof. Miller
March 19, 2024
Page 5 of 5

Sincerely,

BANGS, McCULLEN, BUTLER,
FOYE & SIMMONS, L.L.P.

Sarah

Sarah Baron Houy

SEBH:bah
Enclosure
cc: Client



**BANGS McCULLEN**

## BANGS, McCULLEN, BUTLER, FOYE & SIMMONS, L.L.P.

333 West Boulevard, Ste. 400 • P.O. Box 2670 • Rapid City, South Dakota 57709
T: (605)343-1040 • F: (605) 343-1503 • W: www.bangsmccullen.com

### April 11, 2024

SARAH BARON HOUY
Email: sbaronhouy@bangsmccullen.com

***Via E-mail Only:*** Robert.W.Miller@usd.edu
Prof. Robert W. Miller
University of South Dakota Knudson School of Law
414 East Clark Street
Vermillion, SD 57069

**Re:   Tiauna Jackson – Fuerst Complaint**

Dear Prof. Miller:

As you know, our office represents Tiauna Jackson regarding the investigation referenced in your letter of March 27, 2024. The allegations identified are threadbare, making it difficult to respond. The allegations are that Ms. Jackson "bullied, stalked, and harassed Ms. Jennie Fuerst through videos posted online." There is no further information provided. Please find below Ms. Jackson's response to these allegations.

### Factual Background

On March 1, Ms. Jackson arrived to her library carrell and found the Black History Month Display on her desk. She stopped at the library desk, where Ms. Fuerst was working, to ask if Sarah Kammer was available. Ms. Fuerst responded in the negative. Ms. Jackson subsequently emailed Ms. Kammer about the display. Ms. Kammer advised that it was not supposed to be removed and she intended to re-use it.

Ms. Jackson felt the act of placing the display on her carrell was an act of racial harassment, and she exchanged emails with Ms. Kammer and Dean Mays about the situation. Ms. Jackson posted videos to social media describing her experience at the law school,

Prof. Robert W. Miller
April 11, 2024
Page 2 of 4

including the incident with the poster being placed in her carrell. In the meantime, she was also hearing rumors being spread about the matter, and was ultimately able to identify Ms. Fuerst as being the perpetrator of some of those rumors; she also came to believe that Ms. Fuerst was the one who placed the poster in her carrell.

Some of Ms. Jackson's social media videos referenced the "perpetrator" and demanded that the perpetrator "confess" to what she had done. The videos were not sent directly or privately to anyone; rather, they were available to anyone who was following Ms. Jackson's social media accounts.

Ms. Jackson never makes any direct threat to Ms. Fuerst. All of Ms. Jackson's statements are made in an effort to defend herself and explain why she feels she was the target of discriminatory and harassing conduct. She speaks openly about her disdain for the perceived act of discrimination, and does utilize some insulting language, and she may even question the "perpetrator's" intelligence, but at no point does she make any credible, serious threat of injury or harm to anyone. One video was entitled "Stop Jenny," but Ms. Jackson never speaks Ms. Fuerst's name in her videos, nor does she utilize her last name.

In one video produced by the Examiner, we can see a text message exchange between Ms. Fuerst and Dean Mays. The latter asks, "Now can you file an administrative complaint?" Ms. Fuerst responds, "Not from what I could tell reading it. Maybe I'm missing something."

## Applicable Policies

This proceeding is governed by Section 2.03 of the Knudson School of Law Student Handbook (2023-24), entitled **Procedures for Violations of Honor Code or other Academic Rule.**

A person making an allegation of student misconduct "shall provide" a "signed written statement of specific acts constituting the alleged misconduct and all known information in support of the allegations, including names of any known witnesses, statements, or other data." Section 2.03, Part V. The complaint should identify whether it is alleging a violation of "proscribed misconduct as specified in Part XV" of Section 2.03, which is also known as the "Honor Code;" a violation of the Rules of Professional Conduct; or a failure to comply with faculty instruction. Section 2.03, Part V.

The law school Disciplinary Board "shall handle such Honor Code violations involving law students at The University of South Dakota School of Law as are properly referred to it." Section 2.03, Part II. An Examiner, appointed by the Dean, conducts an initial allegation into allegations of student misconduct. Upon receipt of an allegation, the Examiner is required to give notice to the accused student and the Dean and "promptly inquire into the allegation(s)

Prof. Robert W. Miller
April 11, 2024
Page 3 of 4

and assemble the relevant facts and data." Section 2.03, Part VI. The Examiner thereafter makes a recommendation to the Board as to whether a disciplinary hearing should be held, a private reprimand be issued without a hearing, or that no further action be taken. The Board makes the final determination on how to handle the complaint.

A hearing "should be held when there exists evidence of a probable significant breach of the Honor Code." Section 2.03, Part VI.

A private reprimand is appropriate when the facts are undisputed, a breach of the Honor Code occurred but "has not led to harm to the public or other students," and the breach is "not so significant as to justify a hearing a formal decision." Section 2.03, Part VI.

## Analysis

There is no provision regarding "bullying" or "harassment" in the Student Handbook. But none of Ms. Jackson's comments in the video rise to the level of "bullying" or "harassing" behavior, under any layperson's definition. While Ms. Fuerst may have had a guilty conscience knowing that she was the one who put the poster on Ms. Jackson's carrell, and may have been upset that she might have been identified by some of the characteristics Ms. Jackson identified in her videos, there is no law, policy, or rule forbidding Ms. Jackson to post this type of video, identify the names of individuals she believes have targeted her for racial discrimination, or insist that the perpetrator own up and admit to her wrongful conduct.

Instead, Ms. Jackson was exercising her First Amendment rights. *See, e.g., Tinker v. Des Moines Ind. Comm. Sch. Dist.*, 393 U.S. 503 (1969) ("It can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate."). Her comments in the video do not rise to the level of unprotected speech – i.e., the "lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace," or "true threats." *In re S.J.N-K*, 2002 SD 70, 647 N.W.2d 707 (student's use of obscene language and gestures were unprotected because they were coupled with acts of aggression with a motor vehicle); *People ex. rel. CCH*, 2002 SD 113, 651 N.W.2d 702 (student's threat to kill about another student was not "true threat" and was protected speech).

In sum, there has been no identifiable act of bullying, harassment, or other wrongdoing by Ms. Jackson. The videos shared by Ms. Fuerst fail to rise to the level of misconduct and, furthermore, constitute protected speech.

Prof. Robert W. Miller
April 11, 2024
Page 4 of 4

## Conclusion

Ms. Jackson respectfully requests the complaint filed by Ms. Fuerst be dismissed, with no further action taken upon it.

Sincerely,

BANGS, McCULLEN, BUTLER,
FOYE & SIMMONS, L.L.P.

*Sarah*

Sarah Baron Houy

SEBH:bah
cc: Client

# EXHIBIT 6

## Disciplinary Dismissal Correspondence
## (September 30, 2024 through October 3, 2024)

**Date:**           September 30, 2024 through October 3, 2024

**Source:**         Maddie Smith (delivery); Neil Fulton, Dean (letters); Robert Miller, Examiner
                    (transmission); Sarah Baron Houy, Bangs McCullen (demand for clarity)

**Custodian:**      Plaintiff

**Description:**

Five-document chronological set: (1) Smith's September 30 delivery email; (2) original
September 30 letter stating complaints filed "from" Plaintiff; (3) October 2-3 email exchange in
which attorney Baron Houy identified the language as "unusual and confusing" and Miller
transmitted the corrected letter with "clarified notice"; (4) corrected October 3 letter stating
complaints filed "against" Plaintiff and concluding "not a basis to proceed."

A true and correct copy of the above-referenced document is
attached hereto.

## Tiauna Jackson

**From:** Smith, Maddie
**Sent:** Monday, September 30, 2024 11:17 AM
**To:** Jackson, Tiauna
**Subject:** Disciplinary Committee Ruling
**Attachments:** 09302024_SOUTH DAKOTA_002.pdf

Please see the attached document.

Thank you.

**Maddie Smith**
Administrative Assistant, Dean's Suite
USD Knudson School of Law
414 E. Clark Street
Law School Room #240
Vermillion, SD 57069
Maddie.smith@usd.edu
(605) 658-3500



UNIVERSITY OF
SOUTH DAKOTA
SCHOOL OF LAW



**UNIVERSITY OF**
# SOUTH DAKOTA
**KNUDSON SCHOOL OF LAW**

September 30th, 2024

VIA EMAIL

Dear Tiauna:

     As you are aware, two complaints were filed from you with the Disciplinary Board of the School of Law. After review of the presented materials and statements, the Disciplinary Board has concluded that there is not a basis to proceed with a hearing or other action. Both matters are therefore dismissed.

Sincerely,

Neil Fulton
Dean
USD Knudson School of Law

414 East Clark Street • Vermillion, SD 57069 • 605-658-3500 • 605-658-3544 fax • www.usd.edu/law

## Tiauna Jackson

**From:** Miller, Robert
**Sent:** Thursday, October 3, 2024 1:18 PM
**To:** Sarah Baron Houy; Jackson, Tiauna
**Cc:** Beth Halvorson
**Subject:** RE: Dean's Notice – Misconduct Complaints
**Attachments:** T. Jackson – Notice from Dean 10.3.pdf

Ms. Jackson and Ms. Houy,

Thank you for your patience. Please see attached for a clarified notice regarding the two complaints made against Ms. Jackson. As for the two complaints made by Ms. Jackson, the Student Handbook does not provide for the person making a referral to receive notice of the Disciplinary Board's decision. Only the person against whom the referral is made is entitled to receive notice. For more information, you may want to consult pages 34-37 of the Student Handbook.

**Robert W. Miller**
Assistant Professor of Law
University of South Dakota Knudson School of Law
414 East Clark Street
Vermillion, SD 57069
Direct: (605) 658-3504
robert.w.miller@usd.edu

View my research on my SSRN Author page:
https://papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=2785091

**From:** Sarah Baron Houy <sbaronhouy@bangsmccullen.com>
**Sent:** Thursday, October 3, 2024 10:28 AM
**To:** Miller, Robert <robert.w.miller@usd.edu>; Jackson, Tiauna <tiauna.jackson@coyotes.usd.edu>
**Cc:** Beth Halvorson <bhalvorson@bangsmccullen.com>
**Subject:** RE: Dean's Notice – Misconduct Complaints

Good morning, Professor Miller.

This letter is somewhat puzzling to me. It states that "two complaints were filed **from** you with the Disciplinary Board of the School of Law." The use of the word "from" is unusual and confusing. In addition, there is no subject line or other information identifying the complaints, the complaining party, or the subject/target of the complaint. As I see from your ensuing messages with Ms. Jackson (below), it appears this letter is not only referencing the complaints filed *by* her but also the complaints filed *against* her.

I realize you are not the author of this letter, so perhaps this query should be directed to Dean Fulton – but I do not believe the letter in its current form clearly states any of what you have subsequently clarified for us in this email exchange. My client is entitled to clear notice from Dean Fulton concerning the disposition of the complaints filed *by* her and the complaints filed *against* her. I request that he provide the same. (Again, if I should be making this request directly to Dean Fulton, please let me know and I will certainly do so.)

i

Thank you, and I appreciate all of your time and efforts in this matter.

*Sarah Baron Houy*

(605) 343-1040

---

**From:** Miller, Robert <robert.w.miller@usd.edu>
**Sent:** Wednesday, October 2, 2024 11:28 AM
**To:** Jackson, Tiauna <tiauna.jackson@coyotes.usd.edu>
**Cc:** Beth Halvorson <bhalvorson@bangsmccullen.com>; Sarah Baron Houy <sbaronhouy@bangsmccullen.com>
**Subject:** RE: Dean's Notice - Misconduct Complaints

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Ms. Jackson,

Thank you for following up. To clarify (and I have confirmed this with Dean Fulton), the notice you received is intended to inform you that the two complaints lodged against you have also been concluded and that there is not a basis to proceed with a hearing or other action. Both matters have been dismissed. If you have any questions or concerns, please let me know.

**Robert W. Miller**
Assistant Professor of Law
University of South Dakota Knudson School of Law
414 East Clark Street
Vermillion, SD 57069
Direct: (605) 658-3504
robert.w.miller@usd.edu

-------------------------------------------------
View my research on my SSRN Author page:
https://papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=2785091
-------------------------------------------------

---

**From:** Jackson, Tiauna <tiauna.jackson@coyotes.usd.edu>
**Sent:** Wednesday, October 2, 2024 12:03 PM
**To:** Miller, Robert <robert.w.miller@usd.edu>
**Cc:** Beth Halvorson <bhalvorson@bangsmccullen.com>; Sarah Baron Houy <sbaronhouy@bangsmccullen.com>
**Subject:** Re: Dean's Notice - Misconduct Complaints

Hello Professor Miller,
This looks like the same letter Ms. Smith sent to me via email on Monday.

Of course, the outcome is unfortunate given the weight of evidence against the parties. However, I would like to know what the board has decided with respect to me.

That seems to still be outstanding as I do not see any correspondence yet.

Tiauna Jackson, Agent

---



**UNIVERSITY OF**
**SOUTH DAKOTA**
**KNUDSON SCHOOL OF LAW**

October 3rd, 2024

VIA EMAIL

Dear Tiauna:

As you are aware, two complaints were filed against you with the Disciplinary Board of the School of Law. After review of the presented materials and statements, the Disciplinary Board has concluded that there is not a basis to proceed with a hearing or other action. Both matters are therefore dismissed.

Sincerely,

Neil Fulton
Dean
USD Knudson School of Law

414 East Clark Street • Vermillion, SD 57069 • 605-658-3500 • 605-658-3544 fax • www.usd.edu/law

# EXHIBIT 7

## Notice of Dismissal
## from Jean Merkle, Title IX Coordinator

**Date:**          May 13, 2024

**Source:**        Jean Merkle, Title IX Coordinator, University of South Dakota

**Custodian:**     Plaintiff

**Description:**

Notice of Dismissal of Plaintiff's Title IX complaint against Jennie Fuerst, dismissed solely because Fuerst was "no longer involved with the University in any capacity," never adjudicated on the merits. Merkle acknowledged USD's training failures and stated USD would "ensure all students know the importance of zero tolerance regarding harassment and stalking."


A true and correct copy of the above-referenced document is attached hereto.



**UNIVERSITY OF SOUTH DAKOTA**

414 E. Clark Street/Vermillion, SD/57069

## NOTICE OF DISMISSAL

May 13, 2024

TO:   Tiauna Jackson
From:  Jean Merkle, Title IX Coordinator

On May 9, 2024, the University of South Dakota Title IX Office was notified the respondent, Jennie Fuerst is no longer involved with the University in any capacity. The University is exercising it's right to dismiss this case per the Board of Regents policy, SDBOR 1.4.1 Title IX Policy for harassment and stalking.

> 3.5.    An institution may dismiss the formal complaint or any allegations therein, if at any time during the investigation or hearing: a complainant notifies the Title IX Coordinator in writing that the complainant would like to withdraw the formal complaint or any allegations therein; the respondent is no longer enrolled or employed by, or otherwise affiliated with, the institution; or specific circumstances prevent the institution from gathering evidence sufficient to reach a determination as to the formal complaint or allegations therein.

Your circumstance has brought to light the importance of training and education on this very important topic. USD will work to ensure all students know the importance of zero tolerance regarding harassment and stalking in any education program or experience.

If you have any questions, let me know.

# EXHIBIT 8

## Professor Tyler Moore Accommodation Denial and Tenure Solicitation Correspondence

**Date:**         January 10, 2024; March 28, 2024; April 4, 2024

**Source:**       Tiauna Jackson (accommodation delivery); Tyler Moore (denial and tenure plea)

**Custodian:**    Plaintiff

**Description:**

Three-document chronological set: (1) January 10, 2024 email delivering Plaintiff's disability accommodation letter to Professor Moore, CC'd to Disability Services; (2) March 28, 2024 email thread in which Moore denied Plaintiff's Zoom attendance request, stating he "only permit[s] Zoom for certain exceptional circumstances," and Plaintiff forwarded the denial to Dean Mays; and (3) April 4, 2024 email from Moore soliciting course evaluations for tenure and promotion purposes from the same student whose disability accommodations he had denied.

A true and correct copy of the above-referenced document is attached hereto.

## Jackson Accomodation Letter Spring 24

**Jackson, Tiauna** <TiaunaJackson@coyotes.usd.edu>
Wed 1/10/2024 10:36 AM
To:Moore, Tyler S <Tyler.S.Moore@usd.edu>
Cc:Gerety, Karen A <Karen.Gerety@usd.edu>

1 attachments (84 KB)
Jackson, T SP24.pdf;

Professor Moore,
I have attached my accommodation letter for Spring 2024.

Regards,
Tiauna Jackson, Agent

"Perseverance, the foundation of our profession, starts with THE TRUTH based on facts, honesty, and commitment to purpose. What fuels Perseverance is blind & obstinate stubbornness to fully realize that truth with one's mind, hearts, and a willingness to fight unceasingly for a "GOOD CAUSE."" - H. Victoria Hargro Atkerson

# Fwd: Zoom option

**Jackson, Tiauna <Tiauna.Jackson@coyotes.usd.edu>**
Thu 3/28/2024 11:44 AM
To:Mays, Shirley L <Shirley.Mays@usd.edu>

Dean Mays,
I was unable to receive a zoom option from Professor Moore once I disclosed a legal issue. I subsequently missed class.

Tiauna Jackson, Agent

---

From: Jackson, Tiauna <Tiauna.Jackson@coyotes.usd.edu>
Sent: Thursday, March 28, 2024 7:40 AM
To: Moore, Tyler S <Tyler.S.Moore@usd.edu>
Subject: Re: Zoom option

Good morning Professor Moore,
For legal reasons, I cannot discuss what is happening, but I ask for accommodation within reason.

Tiauna Jackson, Agent

"Perseverance, the foundation of our profession, starts with THE TRUTH based on facts, honesty, and commitment to purpose. What fuels Perseverance is blind & obstinate stubbornness to fully realize that truth with one's mind, hearts, and a willingness to fight unceasingly for a "GOOD CAUSE."" - H. Victoria Hargro Atkerson

---

From: Moore, Tyler S <Tyler.S.Moore@usd.edu>
Sent: Thursday, March 28, 2024 7:22 AM
To: Jackson, Tiauna <Tiauna.Jackson@coyotes.usd.edu>
Subject: Re: Zoom option

Hi Tiauna,

Thanks for your email. Under the policy listed in my syllabus, I only permit Zoom for certain exceptional circumstances (significant illnesses, a death in the family, law school sponsored events, or weather related situations). Let me know if you think your situation qualifies for one of these. I'm happy to chat if it would be helpful.

All best,
TSM

—

Tyler S. Moore
Assistant Professor
University of South Dakota Knudson School of Law
tyler.s.moore@usd.edu

---

**From:** Jackson, Tiauna <Tiauna.Jackson@coyotes.usd.edu>
**Sent:** Thursday, March 28, 2024 7:08 AM
**To:** Moore, Tyler S <Tyler.S.Moore@usd.edu>
**Subject:** Zoom option

Professors Moore,
I will need to attend class via zoom for the balance of the semester.

Tiauna Jackson, Agent

Case 4:26-cv-04069-CBK    Document 1-1    Filed 04/07/26    Page 37 of 37 PageID #: 132

# Con Law I - Course Eval Plea

**Tyler Moore <Brightspace@sdbor.edu>**
Thu 4/4/2024 3:30 PM
To:Moore, Tyler S <Tyler.S.Moore@usd.edu>

Good afternoon all,

I'm sure you're inbox is already getting spammed by the course eval system, but I wanted to send a quick note (or maybe this is a "plea") about why I believe these are important...and to forward the link to make this even easier for you to complete (here is the link: https://sdbor.campuslabs.com/courseeval).

In short, I would really appreciate it if you could do me the favor of filling this out (even right now!) because it matters--both for my pedagogical adjustments going forward and for my evaluation at the University. Teaching-wise, I take the feedback I get from these seriously. My goal, as I've noted throughout the class, is for you all to succeed in learning this material and otherwise. So your thoughts on what worked or didn't work for accomplishing this goal is much appreciated. Evaluation-wise, not only do I read each of my evals, but so does the Dean and other administrators outside of the law school for tenure/promotion purposes. Having a critical mass of students complete these is thus essential to get an accurate picture.

Thank you in advance! I'm sorry these aren't shorter and that some of the questions are less relevant than others (this is a product of the University's decision to have a uniform eval system). Let me know if you have any questions about this or otherwise!

See you tomorrow,

TSM