UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIAUNA JACKSON,<br><br>             Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF SOUTH DAKOTA, *et al.*,<br><br>             Defendants. | 4:26-CIV-04069-CBK<br><br>MEMORANDUM OPINION<br><br>AND ORDER |

The Court previously (April 6, 2026) dismissed a complaint in 4:26-CIV-04060-CBK filed by plaintiff (Doc. 8), the dismissal having been without prejudice. I incorporate by reference a copy of that "memorandum opinion and order." I was in error in that case in stating that the plaintiff had been dismissed from the law school. Rather, she withdrew, at least on a temporary basis, with the right to return. Plaintiff started another lawsuit on April 7, 2026 (Doc. 1, now before me) and states that she reasserts "all claims from the prior actions." The present complaint is virtually an "in your face" document. She once again knowingly and intentionally fails to comply with Rule 8 of the Federal Rules of Civil Procedure after having been warned to not do that. We know, as I told her previously, that any claim must contain "a short and plain statement of the grounds for the court's jurisdiction . . ." and "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Rule 8(d), as I told her previously, requires that each allegation "must be simple, concise and direct." This complaint once again grossly violates all these rules and the action should be dismissed with prejudice on those grounds alone. Plaintiff had fair warning before lashing out again. The complaint alone is 42 pages plus eight exhibits. The exhibits include a written opinion from her former attorney and a letter of accusation against the law school from the NAACP in Sioux Falls. I have always admired the NAACP and their good work. However, what any attorney or the NAACP may think of plaintiff's claims is of zero value and would never be admissible in evidence. Rule 403 alone would come into play.

During the 30 years I practiced law and the 30 plus years I have spent as a federal judge, I have never seen such a complaint. She goes into great detail about her accomplishments in life

but none of that has any place in a complaint in federal court. She attempts to go into how many Black students have been admitted into the law school and how many have applied. She attempts to go into a claim that there was a procedure in the past where USD (not the law school) agreed to do better to prevent disability access violations, that there had been "rumors" that she had withdrawn from law school, that an employee (now a defendant) had filed a claim of bullying and harassment by plaintiff although this conduct was not specifically prohibited by the student handbook (the fact being that anyone can make such a complaint, as the employee did), that attorney defendants had not properly represented their clients, that she was not permitted to use "Zoom" to attend one constitutional law class (although the professor invited her to visit more about the matter, if she wished), and numerous other allegations of collateral and immaterial actions. Not every slight, actual or perceived, or even a series of slights, actual or perceived, allows a person to go to federal court.

She admits that she is attempting to sue sixteen defendants for violations of the First Amendment, the Equal Protection Clause, procedural due process, Title VI, Title IX, Section 504, the Americans with Disabilities Act, and South Dakota tort law (without stating what torts were committed by anyone). No litigant is to be permitted to so abuse the judicial process such as plaintiff is attempting to do once again here. It is beyond all common sense that the South Dakota Board of Regents (comprised of citizen volunteers from throughout the state) dealing in very general terms with the University of South Dakota, South Dakota State University, Northern State University, Black Hills State University, Dakota State University, and the School of Mines was involved in a conspiracy against plaintiff. The same is true as to the President of the University of South Dakota.

It is true that the plaintiff answered "no" on her application for admission as to whether she had ever attended any law school. The fact is that she did not then disclose her previous experience at a law school at Northwestern California University and at Howard University. The fact also is that she had corrected those matters and the correction was in her file at the law school. One of the defendants, an employee of the law school, mailed a complaint to the Law School Admissions Council on March 27, 2024, and the Council so notified plaintiff on April 4, 2024, asking her to respond. Plaintiff satisfied the concerns of the law school and the law school

on April 9, 2024, asked the Council to withdraw the charge. This obviously is a very short period of time that any charge was pending. She admits and alleges (paragraph 8): "Every adverse action collapsed when confronted with evidence."

The only allegation that could be litigated in federal court is her claim that she will be forced to disclose the LSAC charge "on every bar application for the rest of her career regardless of their outcome." This is pure speculation and only a prediction of what is alleged to be a certain outcome. No such recovery may be made on the basis of such pure speculation of what the future holds. She has not resumed her education and does not allege having unsuccessfully applied to any law school. She is, in fact, still entitled to resume classes at the USD law school, although she may not wish to do so. She is on an excused leave of absence by her own allegation.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim achieves facial plausibility only when the pleaded facts allow the court to draw a reasonable inference that the defendant is liable, meaning success on the merits is more than a sheer possibility. Braden v. Wal-Mart Stores, Inc, 588 F.3d 585, 594 (8th Cir. 2009).

In Ashcroft v. Iqbal, supra, the Court held that a plaintiff's claims of discriminatory intent are not plausible when there is an "obvious alternative explanation for the defendant's other lawful conduct." 556 U.S. 662, 682 (2009) (*quoting* Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 567 (2007). I find that there are obvious alternative explanations for the conduct of defendants. Each defendant acted as he or she had the right to do. Plaintiff's claims are defeated as a matter of law. *See also* Ingram v. Arkansas Department of Correction, 91 Fed. 4th 924 (8th Cir. 2024).

We know also that Fed.R.Civ. P. 12(f), a court possesses the authority to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." District Court judges enjoy liberal discretion to strike pleadings under this rule. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). I could so proceed in a

3

limited manner but I do not wish to proceed in a waste of judicial time with such less drastic action considering what the plaintiff has done in this latest complaint and exhibits. Rather, the entire Complaint should be stricken for all the reasons set forth in this memorandum opinion and Order.

I recognize, as I did previously with this plaintiff, the long standing rules of carefully dealing with a *pro se* litigant. I recognize that judges should not be dismissing law suits based on what the judge thinks the facts are. I have never before, in my soon to be 31 years on the federal bench, done what I am doing here, dismissing a case *sua sponte*, even before the defendants have answered. However, as I have said, I have never before seen a complaint like this, full of gross exaggerations, wild claims of conspiracy, and reeking in revenge and bad faith to abuse the judicial process. As always, if I am wrong, the Court of Appeals may decide to tell me so.

Now, therefore,

IT IS ORDERED that plaintiff's complaint is dismissed with prejudice.

Dated at Aberdeen, South Dakota, this 11th day of May, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4